IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TUCKER JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-3581 |
| | § | |
| GENESIS ENERGY LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Tucker Johnson was injured while working on a platform fixed to the Outer Continental Shelf seabed. His state court petition alleged that he was a Jones Act seaman at the time. (Docket Entry No. 1-1 ¶¶ 2, 11). The petition alleged that other workers had left a winch in a condition that allowed the handle to freely and rapidly rotate. (*Id*. ¶¶ 14, 16). When other workers activated the vessel's electronic lowering system, the winch handle spun around at high speed, hitting Johnson's head and causing severe injuries. (*Id*. ¶¶ 16). The petition also alleged that the defendants waited 3.5 hours for the Coast Guard to arrive rather than seeking faster medical transport. (*Id*. ¶ 17). The petition asserted negligence and gross negligence claims. (*Id*. ¶ 6). The defendants removed on the basis of federal question jurisdiction, arguing that Johnson's claims arose under 28 U.S.C. § 1331, the Outer Continental Shelf Lands Act. (Docket Entry No. 1). Johnson did not move to remand.

The defendants have moved for partial summary judgment that Johnson is not a Jones Act seaman and cannot bring Jones Act claims. (Docket Entry No. 11). Johnson responds that he does not oppose summary judgment that he lacks seaman status under the Jones Act. (Docket Entry

No. 16). He argues that he does not base any of his claims on the Jones Act and opposes the dismissal of his negligence claims. (*Id.*).

The court grants the defendants' motion for summary judgment that Johnson is not a Jones Act seaman. The question is the impact of that ruling. The primary difference between a claim for negligence under the Jones Act and an ordinary claim for negligence is that "the Jones Act causation standard is lighter than at common law." *Jones v. United States*, 936 F.3d 318, 322 (5th Cir. 2018). Unlike a claim for ordinary negligence, even "entirely circumstantial evidence can prove a Jones Act claim." *Id.*

Johnson's pleading asserts claims for negligence and gross negligence but does not specify whether these claims are under Texas common law or under the Jones Act. In his response to the motion for summary judgment, Johnson argues that those claims are brought under Texas common law and do not depend on seaman status. (Docket Entry No. 16 at 2).

When Johnson was injured, he was a payroll employee of the defendants' contractor, Quality Process Services. (*See* Docket Entry No. 11 at 1). Johnson's negligence claim includes the allegations that the defendants owed him a duty that they breached by failing to mitigate hazards; failing to provide Johnson with adequate instructions to perform an unsafe work task; failing to properly train or supervise Johnson; and failing to ensure that Johnson had appropriate equipment, tools, and personal protective equipment. (Docket Entry No. 1-1 at ¶¶ 19-21). Johnson's gross negligence claim is based on the same acts and omissions, as well as the allegation that the defendants were aware of the extreme risks of working on an offshore rig and failed to properly maintain or inspect the equipment that injured Johnson. (*Id.* at 22-24). Johnson also alleges that the defendants failed to train, supervise, or appropriately warn him of those risks. (*Id.* at 22-24).

The court agrees that Johnson's claims do not depend on status as a Jones Act seaman. The court does not dismiss Johnson's negligence claims. To prevail on those claims, Johnson must prove causation under the standard for ordinary negligence claims, not the lower standard under the Jones Act.

The parties' deadline for filing pretrial dispositive motions is July 31, 2025. (*See* Docket Entry No. 9).

SIGNED on May 19, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge